

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00064-CV

**GRABLE GRIMSHAW MORA, PLLC** and Brandon J. Grable,
Appellants

v.

**CHRISTOPHER J. WEBER, LLC**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI16984
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: July 21, 2021

AFFIRMED

In the underlying suit, Christopher J. Weber, LLC sued Brandon J. Grable and Grable Grimshaw Mora, PLLC (Appellants) for a single cause of action: tortious interference with contract. Appellants moved to dismiss under the TCPA, but the trial court denied the motion.

Because the commercial-speech exemption removes this suit from the TCPA's protections, we affirm the trial court's order.

## BACKGROUND

### A.     Homeowner v. HOA Suit

In July 2014, Linda Ryan Nealon and Christopher J. Weber, LLC executed an Engagement Agreement for Weber to represent Nealon in a dispute with her homeowner's association. According to Weber, in representing Nealon, he[1] accrued about $80,000 in attorney's fees. In September 2018, before Nealon's suit was resolved and before Weber's attorney's fees were paid, Brandon J. Grable, an attorney with Grable Grimshaw Mora, PLLC (the Firm), substituted for Weber as counsel for Nealon. Grable settled Nealon's suit against the HOA.[2]

### B.     Weber v. Grable Suit

In September 2020, Weber sued Grable and the Firm for tortious interference with contract. Grable and the Firm (Appellants) moved to dismiss the suit under the TCPA, but the trial court denied the motion, and Appellants appealed.

Before we address the merits, we briefly recite the standard of review and applicable law.

### STANDARD OF REVIEW

"The TCPA provides an expedited procedure for the early dismissal of groundless legal actions that impinge on First Amendment rights." *Greer v. Abraham*, 489 S.W.3d 440, 442 (Tex. 2016) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011). The expedited procedure allows an interlocutory appeal of an order on a motion to dismiss under section 27.003. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.008(b), 51.014(a)(12); *In re Lipsky*, 460 S.W.3d 579, 585 n.2 (Tex. 2015).

---

[1] Christopher J. Weber, LLC is the appellee, but for readability, we refer to the LLC as Weber and use he and his as pronouns for the entity.

[2] In January 2019, Nealon sued Weber for malpractice, but she dismissed the suit a few months later. Nealon also filed a grievance against Weber with the State Bar of Texas, but the State Bar dismissed her complaint.

"We review a trial court's denial of a TCPA motion to dismiss de novo." *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 492 (Tex. App.—San Antonio 2020, pet. denied); *accord S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) ("Appellate review of issues regarding interpretation of the TCPA is de novo."). "In making this determination, the court views the pleadings and evidence in a light most favorable to the plaintiff non-movant." *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 470 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd); *accord Segundo Navarro Drilling*, 612 S.W.3d at 492; *cf. Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019) ("We review de novo the court of appeals' determinations that the parties met or failed to meet their burdens of proof under section 27.005."); *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (citing *Dallas Morning News*, 579 S.W.3d at 377).

### APPLICABLE LAW

To prevail on its motion to dismiss under the TCPA, the defendant-movant must first prove the TCPA applies. *Hersh v. Tatum*, 526 S.W.3d 462, 467–68 (Tex. 2017) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)) (recognizing the movant's initial burden to prove the TCPA applies); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (same). If the defendant-movant's statement or conduct would normally fall under the TCPA, "the nonmovant can avoid its burden of demonstrating a prima facie case entirely by showing that one of the TCPA's several exemptions applies, such as the commercial-speech exemption." *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 182 (Tex. App.—Austin 2020, no pet.); *accord Round Table Physicians Grp., PLLC v. Kilgore*, 607 S.W.3d 878, 884 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *Hieber*, 591 S.W.3d at 210–11 ("Regardless of any such defenses, a nonmovant can avoid a dismissal altogether by establishing that its legal action is exempt from the TCPA under a specific statutory exemption.").

## A.    Commercial-Speech Exemption

Even if "the [plaintiff's] claim is based on the defendant's exercise of the right of free speech, association, or to petition," *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (per curiam), the TCPA exempts from its applicability

> a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b); *accord Castleman*, 546 S.W.3d at 686.

## B.    Commercial-Speech Exemption Elements

Courts have interpreted the commercial-speech exemption to include four elements:

> (1) the defendant was primarily engaged in the business of selling or leasing goods,

> (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services,

> (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and

> (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides.

*Castleman*, 546 S.W.3d at 688; *accord Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 887 (Tex. App.—Austin 2018, pet. denied); *see also Kostura v. Judge*, No. 07-20-00310-CV, 2021 WL 2325336, at *4 (Tex. App.—Amarillo June 7, 2021, no pet. h.).

## C.    Establishing the Exemption

"The burden of establishing the commercial-speech exemption is on the nonmovant, the party relying on the exemption." *RigUp*, 613 S.W.3d at 187; *accord Hieber*, 591 S.W.3d at 210–11. "[T]o determine whether a party has met its burden on the commercial-speech exemption's elements," *Hawkins v. Fox Corp. Hous., LLC*, 606 S.W.3d 41, 46 (Tex. App.—Houston [1st Dist.] 2020, no pet.), *judgment vacated pursuant to settlement, opinion not withdrawn*, No. 01-19-00394-

CV, 2020 WL 2026369, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.), "we examine the 'evidence,' which in this case consists of the plaintiff['s] pleadings," *Grant*, 556 S.W.3d at 889. "We may rely on the factual allegations in a plaintiff's petition, alone, to meet the elements." *Hawkins*, 606 S.W.3d at 46; *accord Grant*, 556 S.W.3d at 889.

## DOES THE TCPA APPLY?

### A. Parties' Arguments

Grable and the Firm argue the trial court erred by denying their motion to dismiss under the TCPA because they showed by a preponderance of the evidence (1) that the TCPA applies and (2) each essential element of their affirmative defense of attorney immunity, and Weber provided no evidence of his tortious interference with contract claim.[3]

Weber concedes he provided no evidence for each essential element of his claim, but he insists his claim lies outside the TCPA's protections because of the commercial-speech exemption.

### B. Evaluating the Evidence

In this case, the evidence consists of Weber's pleadings, and we may rely on Weber's pleadings alone to determine whether the commercial-speech exemption applies. *See Hawkins*, 606 S.W.3d at 46; *Grant*, 556 S.W.3d at 889.

### C. Primarily Engaged in Business of Selling Legal Services

Assuming arguendo that the TCPA applies to Weber's tortious interference with contract claim, *cf. McDonald Oilfield Operations, LLC v. 3B Inspection, LLC*, 582 S.W.3d 732, 746–47

---

[3] At oral argument, Appellants asserted for the first time that Weber waived his commercial-speech exemption argument because he did not expressly argue it to the trial court. In the hearing on Appellants' motion to dismiss, Weber challenged the TCPA's applicability generally, and on appeal, he argued the exemption. Further, Appellants addressed the merits of Weber's exemption argument in their reply brief, but they said nothing about waiver. Like our sister courts, "[w]e will not consider a wholly new challenge that [Appellants] raised during oral argument when that argument was not raised anywhere in their appellate briefing." *See Poland v. Willerson*, No. 01-07-00198-CV, 2008 WL 660334, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 13, 2008, pet. denied) (mem. op.) ("Oral argument should emphasize and clarify *the written arguments in the briefs*." (quoting TEX. R. APP. P. 39.2)).

(Tex. App.—Houston [1st Dist.] 2019, no pet.) (concluding that statements relating to a tortious interference with contract claim were within the scope of the TCPA's protections); *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.) (same), the first commercial-speech exemption element Weber must prove is that Grable and the Firm are "primarily engaged in the business of selling or leasing goods or services." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(2); *Castleman*, 546 S.W.3d at 688; *Kostura*, 2021 WL 2325336, at *4. Weber's pleadings show that Grable is an attorney that sells legal services, and the Firm is a law firm that sells legal services. Weber's pleadings establish the first element. *See Kostura*, 2021 WL 2325336, at *4 (citing *Winstead PC v. USA Lending Grp., Inc.*, No. 12-20-00172-CV, 2021 WL 1047208, at *4 (Tex. App.—Tyler Mar. 18, 2021, no pet. h.) (mem. op.)).

**D.     Engaged in Conduct as Seller of Legal Services**

The second element Weber must prove is that Grable and the Firm "engaged in the conduct on which [Weber's] claim is based in [their capacities] as a seller or lessor of those goods or services." *See Castleman*, 546 S.W.3d at 688; *Kostura*, 2021 WL 2325336, at *4. Weber's pleadings show that Grable was a lawyer engaged in selling legal services, and the Firm was a company also engaged in selling legal services. Weber's pleadings establish the second element. *See Kostura*, 2021 WL 2325336, at *4 (citing *Winstead PC*, 2021 WL 1047208, at *4).

**E.     Engaged in Conduct on Which Claim is Based**

To satisfy the third element, Weber's pleadings must show "the statement or conduct at issue [arose] out of a commercial transaction involving the *kind* of goods or services [Grable and the Firm] provide[]." *See Castleman*, 546 S.W.3d at 689; *cf. Kostura*, 2021 WL 2325336, at *6. Weber's original petition alleges Grable committed tortious interference with Weber's contract with Nealon, and the Firm is liable under respondeat superior. Grable acknowledges he substituted for Weber in representing Nealon and that he works for the Firm. Grable's and the Firm's alleged

wrongful conduct arose from Grable and the Firm providing legal services to Nealon—which is inarguably a commercial transaction involving legal services which Grable and the Firm provide. *Cf. Kostura*, 2021 WL 2325336, at \*6. Weber's pleadings establish the third element.

## F. Conduct Arose from Contract for Legal Services

For the fourth element, Weber's pleadings must show "the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides." *See Castleman*, 546 S.W.3d at 688; *Hawkins*, 606 S.W.3d at 48.

In this case, Nealon was the intended audience for Grable's and the Firm's conduct. Appellants acknowledge that Nealon was a potential client who became an actual client for the legal services Grable and the Firm provide. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b); *Kostura*, 2021 WL 2325336, at \*7. Weber's pleadings establish the fourth element.

## G. Commercial-Speech Exemption Applies

Weber's pleadings satisfy each essential element of the commercial-speech exemption. Thus, the commercial-speech exemption was met, the TCPA does not apply, and the trial court did not err in denying Grable's and the Firm's motion to dismiss under the TCPA.

### CONCLUSION

Assuming arguendo that Appellants met their burden to show the TCPA applied to their alleged conduct in Weber's tortious interference with contract claim, we nevertheless conclude that Weber's pleadings established each essential element of the commercial-speech exemption, and the exemption removed Weber's claim from the TCPA's protections. Thus, the trial court did not err in denying Appellants' motion to dismiss under the TCPA.

We affirm the trial court's order.

Patricia O. Alvarez, Justice